(99 South. 843)
**POLYTINSKY v. WILHITE. (8 Div. 649.)**

(Supreme Court of Alabama.   April 10, 1924.)

**1. Statutes ⟨key⟩76(1)—Local legislation for purpose not substantially effectuated by general law not inhibited.**

Const. 1901, § 105, does not inhibit local legislation, on subjects not enumerated in section 104, to accomplish end not substantially provided for and effectuated by general law, though latter deals with subject or system affected by local law.

**2. Statutes ⟨key⟩76(3)—Local act giving county court jurisdiction of appeals from inferior courts held not unconstitutional as changing general law.**

Loc. Acts 1919, p. 194, § 17, giving Morgan county court exclusive jurisdiction of appeals from inferior courts of such county, which include inferior court of Hartselle created by Local Acts 1907, p. 819, does not offend Const. 1901, § 105, as changing general law (Code

1907, § 4713), authorizing appeal from justices of the peace to circuit court.

**3. Statutes ⟨key⟩124(4)—Act held not unconstitutional as divesting circuit court of jurisdiction without indicating effect in caption.**

Loc. Acts 1919, p. 194, § 17, giving Morgan county court exclusive jurisdiction of appeals from justice of peace and other inferior courts, is not offensive to Const. 1901, § 45, as divesting circuit court of part of its jurisdiction, under Code 1907, § 4713, without indicating such effect in caption.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Action by A. G. Wilhite against A. Polytinsky. From a judgment dismissing appeal to the circuit court, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6.  Affirmed.

Wert & Hutson, of Decatur, for appellant.

The Act in question is violative of the Constitution. Const. 1901, §§ 45, 105.

Sample & Kilpatrick, of Hartselle, for appellee.

The act is not offensive to section 105 of the Constitution. Board of Rev. v. Kayser, 205 Ala. 289, 88 South. 19; Riley v. State, 209 Ala. 505, 96 South. 599; State ex rel. v. Prince, 199 Ala. 444, 74 South. 939; Ex parte Graham, 4 Ala. App. 240, 57 South. 1015. The title of the act is broad enough to include the provisions of section 17 thereof. Ballentyne v. Wickersham, 75 Ala. 533; Jackson v. Sherrod, 207 Ala. 245, 92 South. 481; Cofer v. State, 168 Ala. 171, 52 South. 934.

SOMERVILLE, J.   [1, 2] The inferior court of Hartselle was created in lieu of the justice courts of the Hartselle precinct, of Morgan county, and is invested with their jurisdiction. Local Acts 1907, p. 819.

The county court of Morgan county was created in 1919 (Local Acts 1919, pp. 194–201). It was invested with jurisdiction of all actions of ejectment and of forcible entry and unlawful detainer, and of all cases where the amount involved does not exceed $1,000; and provision was made for the transfer to it of all misdemeanor cases pending in the circuit court of Morgan county, and, by agreement of the parties, of all civil cases within its prescribed jurisdiction then pending in the circuit court.

Section 17 of the act provides:

"That this court shall have exclusive jurisdiction of all cases appealed from justice of the peace, and all other inferior courts of Morgan county."

The case before us was begun in the inferior court of Hartselle, where the plaintiff recovered a judgment. It was appealed by

the defendant to the circuit court of Morgan county. On motion of the plaintiff the appeal was dismissed out of the circuit court on the ground that the county court was invested by law with exclusive jurisdiction of such appeals.

This action of the circuit court is assigned for error on the theory that section 17 of the act creating the county court (Local Acts 1919, p. 197) is invalid as in violation of section 105 of the Alabama Constitution, and also of section 45.

Section 4713, Code 1907, provides that "any party may appeal from any judgment rendered against him before a justice of the peace to the circuit court, or court of like jurisdiction," and appellant's contention is that, provision having been thus made by a general law for appeals from justices' courts, a local law changing this general provision as to its operation in Morgan county is forbidden by section 105 of the Constitution, which provides that—

"No special, private or local law, * * * shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state."

Section 104 of the Constitution enumerates the subjects as to which "a special, private, or local law" cannot be enacted. Section 105, as repeatedly held by this court, does not inhibit local legislation on subjects not enumerated in section 104, where the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law, notwithstanding there is a general law dealing with the subject or system affected by the local law. State, etc., v. Prince, 199 Ala. 444, 447, 74 South. 939; Board of Revenue v. Kayser, 205 Ala. 289, 88 South. 19; Jackson v. Sherrod, Deputy Sol., 207 Ala. 245, 92 South. 481; Dunn v. Dean, 196 Ala. 486, 71 South. 709; Riley v. State, 209 Ala. 505, 96 South. 599; Brandon v. Askew, 172 Ala. 160, 54 South. 605. Under these authorities we are bound to hold that the provision in question does not offend section 105 of the Constitution.

[3] As to section 45, the contention is that section 17 of the County Court Act divests the circuit court of a part of its jurisdiction, and that such an effect is not indicated by the caption of the act. The caption in question is:

"An act to establish a county court for Morgan county; to define its jurisdiction and powers; * * * and to provide for the transfer of certain causes now or hereafter pending in the circuit court of Morgan county to the Morgan county court."

We think this title is sufficiently comprehensive to cover the jurisdiction of the county court with respect to appeals from justices' courts, and made it clear that some of the jurisdiction of the circuit court would be

given to the new court. The act does not in any way change the structure or functions of the circuit court, but merely relieves it of the burden of trying the cases appealed from the inferior court of Hartselle, imposed upon it by section 4713 of the Code. We hold, therefore, that the act in question is not offensive to section 45 of the Constitution. Jackson v. Sherrod, 207 Ala. 245, 92 South. 481.

It results that the circuit court properly declined to entertain the appeal from the inferior court, by sustaining the motion to dismiss it.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.