(102 So. 912)
**STINSON v. M. F. PATTERSON & SON.***
**(8 Div. 643.)**

(Supreme Court of Alabama. Jan. 28, 1925.)

1. Trial ⬡340(1)—Judgment properly entered upon trial court's interpretation of verdict where read to and accepted by jury.

Though verdict of jury was crudely drawn, where trial court's interpretation of it was permissible and was read in presence of and adopted by jury, judgment was properly entered upon such interpretation.

2. Appeal and error ⬡301 — Use by jury of statement of plaintiff's account against defendant, if error, harmless.

Jury's use of statement of plaintiff's account against defendant for purpose of determining amount due, if error, was not ground for reversal where not shown in hearing of motion for new trial, nor otherwise brought to attention of trial court.

3. Appeal and error ⬡1171(2)—Excessiveness of verdict over amount claimed, though small, held to require remittitur in view of small recovery.

Where verdict of jury exceeded by $3 amount claimed in complaint and defendant's motion for new trial raised such error, since recovery was only for $92, such excess will not be ignored, but judgment will be reversed unless such excess is remitted.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by M. F. Patterson & Son against C. C. Stinson. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed conditionally.

---

Appellee sued appellant for $45.77 on a bond or contract under seal, due and payable October 1, 1914, and for $15 as a reasonable attorney's fee.

The original verdict of the jury—written in pencil upon the reverse side of the statement of plaintiff's account against the defendant—is as follows:

"We Jure fnd for plented

| Pr | 4577 |
| Inetert | 2918 |
| Attrs fee | 1800 |
| | 92.95 |

"S. E. Hammond, Foreman."

The judgment entry recites the verdict returned to be:

"We, the jury, find for the plaintiff and assess the damages at $92.95."

S. A. Lynne, of Decatur, for appellant.

The verdict is unintelligible, and no valid judgment could be rendered upon it. 2 Brickell's Dig. 170; Ramer v. Fletcher, 29 Ala. 470. The verdict exceeds the amount claimed, and the judgment should be vacated. Sections 34 to 40 of the local act are not comprehended in the notice given, and the act is invalid. Local Acts 1919, p. 194; Const. 1901, § 106; Wallace v. Board of Rev., 140 Ala. 502, 37 So. 321; Brame v. State 148 Ala. 629, 38 So. 1031; Ex parte State ex rel. Letford, 200 Ala. 162, 75 So. 910.

Sample & Kilpatrick, of Hartselle, for appellee.

The difference between the amount claimed and the verdict is too small to require consideration. 29 Cyc. 838. The verdict was properly rendered and was sufficient. Ewing v. Sanford, 21 Ala. 157; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; Sou. Ry. v. Carroll, 14 Ala. App. 374, 70 So. 984. The notice of the local law is sufficient to cover the branch court at Hartselle. Ex parte Black, 144 Ala. 1, 40 So. 133; McGehee v. State, 199 Ala. 287, 74 So. 374; Ensley v. Cohn, 149 Ala. 316, 42 So. 827; McCreless v. Tenn. Val. Bank, 208 Ala. 414, 94 So. 722.

SAYRE, J. This cause originated before a justice of the peace, the amount involved being less than $100. Defendant Stinson appealed to the county court of Morgan, where again judgment was rendered for plaintiff, appellee.

The objection taken to the act of September 24, 1919 (Local Acts, p. 194), establishing the county court of Morgan county, on constitutional grounds was considered and adjudicated against appellant's contention in Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843. The line of cases in which stand Roper v. State, 210 Ala. 440, 98 So. 286; Brame v. State, 148 Ala. 629, 38 So. 1031; and Wallace v. Board of Revenue, 140 Ala. 491, 37 So. 321, does not appear to have been considered in Polytinsky v. Wilhite, supra, Without undertaking to state what might have been the effect of these cases, if considered, the court is now of opinion that the decision in the case last named must stand as an adjudication on the facts there shown.

[1] The jury's verdict was crudely drawn, but, upon inspection of the original, this court is of opinion that the trial court's interpretation of it was permissible. It was so read in the presence and hearing of the jury and adopted by them as a true reading of their verdict. Judgment accordingly was properly entered.

[2] It is clear that somebody, the jury, we may concede, used a statement of appellee's account against appellant for the purpose of making thereon a calculation of the amount due from appellant to appellee at the time of the trial. If there was anything wrong in this, it was not made to appear at the hearing of the motion for new trial. Nor was this matter otherwise brought to the attention of the trial court.

That ground of the motion which alleged that defendant (appellant) had no notice of the time and place of holding the court is shown to be not well taken in fact.

[3] The verdict and judgment in the county court exceeded by $3 the amount claimed in the complaint and interest to the day of the trial. The verdict makes it plain that this excess was due to the error of the jury in assessing the reasonable attorney's fee at $18, whereas plaintiff claimed $15 only on that account. We cannot know how insistently the attention of the trial court was called to this error; but defendant's motion for a new trial took the point, and, as for anything brought to our attention, the judgment should have been amended or set aside.

It has sometimes been held that a new trial may properly be denied where the difference between the amount claimed to be correct and that found by the verdict is small. 29 Cyc. 838, where cases are cited. But this is a relative proposition, comparative values must be considered. So considered in this case, we are not of opinion that the difference here shown should be ignored by the court. The damages were liquidated; the error was plain, and appellee should have joined in setting the judgment right when the error was brought into relief by defendant's motion. Richardson v. Birmingham Cotton Mfg. Co., 116 Ala. 381, 22 So. 478. Accordingly the judgment will be reversed and the cause remanded, unless the plaintiff, within 20 days from this date, shall remit damages in excess of $89.95; but, upon such remittitur entered of record, the judgment, as so reduced, will be affirmed, at the cost of appellee.

Reversed conditionally.

All the Justices concur.