361 So.2d 4 (1978)
YANCEY & YANCEY CONSTRUCTION CO., INC.
v.
DeKALB COUNTY COMMISSION et al.
77-191.
Supreme Court of Alabama.
June 30, 1978.
Robert G. Wilson of Scruggs, Rains & Wilson, Fort Payne, for appellant.
Patrick H. Tate, Fort Payne, Terry T. Bush, Rainsville, for appellees.
PER CURIAM.
Plaintiff-appellant brought action to challenge the constitutionality of a coal severance tax levied by the DeKalb County Commission. Its challenge was based upon its contention that Act No. 906, Acts of Alabama 1975, page 1803, approved October 8, 1975, violated Article IV, Section 105 of the Constitution. The trial court held that the act was valid and the plaintiff appealed.
It argues that the local act violates Article IV, Section 105 of the Constitution because a general act embodied in Title 51, § 431(23), Code (now § 40-13-9, Code 1975), levies a coal severance tax statewide and provides that no county shall levy a tax upon the privilege of severing coal in Alabama. Act No. 906 permits the County Commission of DeKalb County to levy a tax on the privilege of severing coal in DeKalb County.
This court recently held in Peddycoart v. City of Birmingham, 354 So.2d 808, 813 (Ala.1978), that:

". . . By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having *5 that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute."

That holding, however, was expressly limited to legislation enacted after the date of that opinion:
". . . Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases." (354 So.2d at 814)
We must, therefore, look to rules which were applied to cases such as this prior to Peddycoart. The trial court tested the constitutionality of Act No. 906, supra, by those rules and concluded that it was not violative of Article IV, Section 105 of the Constitution. It noted that the plaintiff's contention when viewed in light of the language of the Constitution itself was sound; but that, in light of cases from this court construing that section, the constitutionality of the act must be upheld. The trial court correctly read the old cases, which hold that Section 105 does not prohibit local legislation merely because a general law deals with the same matter. In Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 235, 124 So. 523, 526 (1929), this rule was announced:
". . . If, in the judgment of the Legislature, local needs demand additional or supplemental laws substantially different from the general law, the Legislature has power to so enact. Courts are charged with the duty to determine whether there is a substantial difference between the general and the local law, but cannot invade the legislative domain to determine whether a county should have a local law substantially different and in addition to the state law. . . ."
A local act providing for a coal severance tax in Cullman County was recently challenged on the same grounds asserted here. This court upheld the act in Drummond Co. v. Boswell, 346 So.2d 955 (Ala.1977). This decision preceded Peddycoart and held:
". . . The test under § 105 is: "`. . . [whether] the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law, notwithstanding there is a general law dealing with the subject or system affected by the local law.' Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843 (1924)." (346 So.2d at 957)
The plaintiff also contested the validity of Act No. 667, Acts of Alabama 1976, page 913, approved August 23, 1976, which readopted the substance of Act No. 906 and, in addition, authorized the county commission to require each producer of coal to file a bond guaranteeing payment of the severance tax. It contends that that act, which originated in the Senate, is repugnant to the constitutional requirements that "All bills for raising revenue shall originate in the house of representatives. . . ." Article IV, Section 70, Constitution 1901. This court has held that that provision of the Constitution refers to bills which levy a tax as a means of collecting revenue. Opinion of the Justices, 259 Ala. 514, 66 So.2d 921 (1953). Act No. 667 does not levy a tax; it merely authorizes the county commission to impose a tax. The Constitution does not require such bills to originate in the House.
Lastly, the plaintiff asserts that the bills are unconstitutional in that the legislature delegated to the county commission authority to fix the amount of the severance tax. It argues that counties have no inherent authority to tax and may do so only as authorized by the legislature. By § 11-3-11, Code 1975, the legislature has delegated to county commissions the authority:
"To levy a general tax, for general county purposes and a special tax, for special county purposes, according to this Code."
Tested by authority which controls legislation enacted before the Peddycoart decision, neither Act No. 906 nor Act No. 667 *6 violates the Constitution. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
MADDOX, JONES and BEATTY, JJ., concur.
TORBERT, C. J., and SHORES, J., concur specially.
SHORES, Justice (concurring specially):
I dissented in Drummond Co. v. Boswell, 346 So.2d 955 (Ala.1977), and only because the rule announced in Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), was limited to legislation enacted after release of Peddycoart, do I concur here.
TORBERT, C. J., concurs.