This appeal involves the constitutionality of the Baldwin County Severance Tax Act, a local act, which provides:
 "In addition to the state privilege tax levied upon persons engaging in the business of producing or severing oil or gas or other hydrocarbons from the soil or waters of this state pursuant to Act No. 2, H. 47, approved May 19, 1945 Gen. Acts 1945, p. 20, there is hereby levied, and to be collected as hereinafter provided, annual privilege taxes upon every person engaging or continuing to engage within Baldwin County, Alabama, in the business of producing or severing oil or gas as defined herein, from the soil or the waters, or from beneath the soil or the waters of said county for sale, transport, storage, profit, or for use. The amount of such tax shall be measured at the rate of one per cent of the gross value of said oil or gas at the point of production."
1971 Ala. Acts, No. 2120, § 2 (a).
At the time the House and Senate passed this local act, a general act existed which provided for "annual privilege taxes upon every person engaging or continuing to engage within the State of Alabama in the business of producing or severing oil or gas." 1945 Ala. Acts, No. 2, § 2 (a). The general act, as amended, is now found at § 40-20-2, et seq., Alabama Code 1975. A 1971 amendment to the 1945 general severance tax act increased the tax rate and, in addition, mandated that "[a] county . . . shall not establish, levy, impose or collect as a condition of doing business or otherwise, any tax . . . with respect to the production . . . of any oil or gas produced in the State of Alabama and on which severance taxes have been paid to the State of Alabama." 1971 Ala. Acts, No. 2057 § 2 (c). This amendment was passed by the House and Senate before the passage of the Baldwin County Severance Tax Act.
Appellants, five companies engaged in the business of producing oil in Baldwin County, Alabama, challenge the constitutionality of the Baldwin County Severance Tax Act. These oil companies filed suit seeking a judgment declaring that the act is unconstitutional and seeking a refund of all taxes paid pursuant to the act. The trial court granted summary judgment in favor of the Commissioner of Revenue and the Baldwin County Commission. The oil companies appeal from this final judgment. We affirm. *Page 360 
Appellants contend that the Baldwin County act is unconstitutional under Article IV, § 105, of the 1901 Alabama Constitution, which states, in pertinent part: "No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law. . . ." They submit that the Baldwin County act was passed in violation of § 105 because there was already a general oil severance tax act in existence.
Before we address this issue directly, we must consider appellants' argument that it has been decided conclusively in a prior lawsuit. The earlier lawsuit involved the Choctaw County Severance Tax Act, 1971 Ala. Acts, No. 2119, which provided for an oil severance tax in Choctaw County. This local act was passed by both houses after the passage of the 1971 amendment to the General Severance Tax Act of 1945. The Choctaw County act was challenged by two companies producing oil in that county who were liable for the local and state severance taxes. They sought to have the Choctaw County act struck down, alleging that: (1) the act, as passed, was in conflict with the advertisement of the act, the Legislative Journal description of the act, and the summary of the act; (2) the act was pre-empted by the passage of the amendment to the general oil severance tax act; (3) the act created an unreasonable classification for tax purposes; and (4) the act was unconstitutionally vague. The Circuit Court of Choctaw County in 1972, after an ore tenus hearing, held that "Act No. 2119 [Choctaw County Severance Tax Act] is unconstitutional, invalid and unenforceable." Pruett and Hughes Co. v. Charles Boswell,as Commissioner of Revenue of the State of Alabama, No. 1115-A (Circuit Court of Choctaw County, July 13, 1972) (unpublished).
Appellants contend that the Baldwin County act and the Choctaw County act are essentially identical in pertinent part, and therefore that the judgment of the Circuit Court of Choctaw County precludes litigation of the issue now before us. We disagree.
 "Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. Stevenson v. International Paper Co., [516 F.2d 103 (5th Cir. 1975)]. If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. Gulf American Fire Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968)."
Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190,1199 (Ala. 1978).
We hold that the judgment of the Choctaw County Circuit Court does not bar the present litigation of the constitutionality of the Baldwin County Severance Tax Act. First, the issues are not identical, because the two acts are not identical. Second, the Choctaw County Circuit Court decreed only that the Choctaw County act was "unconstitutional, invalid and unenforceable." It did not state the grounds of its decision. Any of the four grounds alleged by the oil companies in Choctaw County could have supported the judgment, without any determination of the remaining grounds. Thus, we cannot say what issue was actually resolved in the Choctaw County case. It follows, therefore, that the third requirement, that the resolution of the same issue was necessary to the prior judgment, is not met either.
To reiterate, appellants contend that the Baldwin County act is unconstitutional under Article IV, § 105, of the 1901 Constitution. They urge us to apply the holding of Peddycoartv. City of Birmingham, 354 So.2d 808 (Ala. 1978), to this case. In Peddycoart, this Court held that "the presence of a general law upon a given subject . . . is primary, and means that a local law cannot be passed upon that subject." (Emphasis in original.) Peddycoart v. City of Birmingham, 354 So.2d at 813. However, the holding in Peddycoart is expressly *Page 361 
applicable only to legislation enacted after that decision.Peddycoart v. City of Birmingham, 354 So.2d at 814. The Baldwin County act was passed seven years before Peddycoart was handed down and, hence, is not controlled by it.
Under pre-Peddycoart decisions, local legislation is not prohibited merely because there is already a general law dealing with the same subject. Drummond Co. v. Boswell,346 So.2d 955 (Ala. 1977). Instead, the test under § 105 for legislation passed prior to Peddycoart is whether "the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law, notwithstanding there is a general law dealing with the subject or system affected by the local law." Polytinsky v. Wilhite, 211 Ala. 94,95, 99 So. 843, 844 (1924), cited in Yancey YanceyConstruction Co. v. DeKalb County Commission, 361 So.2d 4, 5
(Ala. 1978), and Drummond Co. v. Boswell, 346 So.2d at 957.
The question, then, is whether the Baldwin County Severance Tax Act "accomplishes an end not substantially provided for and effectuated by" the 1945 general act, as amended. We hold that it does.
In Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231,124 So. 523 (1929), this Court held that a local act levying a gallonage tax only in Limestone County was not enacted in violation of § 105. A general law providing for a gallonage tax was in existence at the time of the passage of the local act. This Court wrote:
 "Section 105, above, has been often considered by this court. Suffice to say it is fully settled that this section does not forbid local legislation on subjects not prohibited by section 104, merely because a general law deals with the same matter. If, in the judgment of the Legislature, local needs demand additional or supplemental laws substantially different from the general law, the Legislature has power to so enact. Courts are charged with the duty to determine whether there is a substantial difference between the general and the local law, but cannot invade the legislative domain to determine whether a county should have a local law substantially different and in addition to the state law. State v. Bowles, 217 Ala. 458, 116 So. 662, and authorities collected on page 461 (116 So. 664).
 "Certainly the 3-cent gallonage tax in the Limestone County Act is not the same tax levied by the general law. It is an additional tax."
Standard Oil Co. of Kentucky v. Limestone County,220 Ala. at 235-36, 124 So. at 526.
The same conclusion was made in the coal severance tax cases.Yancey Yancey Construction Co. v. DeKalb County Commission,supra; Drummond Co. v. Boswell, supra. Local acts were passed that levied a privilege tax upon persons severing coal within the county, which was in addition to all other state severance taxes. These local acts were held to be substantially different from the general act, Title 51, § 431 (now Ala. Code 1975, §40-13-9), which levied a severance tax on persons severing coal in Alabama, because the local acts levied a tax different from that levied by the general act.
Such is the case here. The Baldwin County act expressly provides for the levy of a tax which is "in addition to the state privilege tax." It is not the same tax that is levied under the 1945 act, as amended. It is an additional tax. Furthermore, the Baldwin County act is not in conflict with the general law. It does not repeal or change the general law as applied to Baldwin County; it merely makes provisions for a different tax, which shall be in addition to that levied under the general law.
We, accordingly, hold that the local act is not unconstitutional as having been enacted in violation of Article IV, § 105, of the 1901 Alabama Constitution.
Appellants also argue that the 1971 amendment to the General Severance Tax Act of 1945 repealed the Baldwin County Severance Tax Act. A prior act of *Page 362 
the legislature cannot repeal a subsequent act. 1A Sands,Sutherland Statutory Construction § 23.17 (4th ed. 1972). The 1971 amendment was passed before the passage of the Baldwin County act and could not have repealed the local act.
Subsequent to the passage of the Baldwin County act, the Alabama legislature passed three more acts to amend § 40-20-2
("Levy and amount of tax upon business of producing or severing oil . . ."), the present codification of the 1945 act. 1979 Ala. Acts, No. 79-434; 1980 Ala. Acts, No. 80-708; 1983 Ala. Acts, No. 83-39. Each of these amendments increased the general severance tax rate.
The question then is whether any of these later amendments to the general act repealed the Baldwin County act. The passage of these amendments did not repeal the Baldwin County act unless repeal is provided for by express words or arises by necessary implication. Vaughan v. Moore, 379 So.2d 1240 (Ala. 1979).
None of the recent amendments contains an express provision for the repeal of the Baldwin County act. Repeal by implication is not favored and results only when the two laws are repugnant or are in conflict. Fletcher v. Tuscaloosa Federal Savings andLoan Association, 294 Ala. 173, 314 So.2d 51 (1975).
There is no conflict between the local act and the amendments; they are complementary.
We hold that the Baldwin County Severance Tax Act has not been repealed by the 1971 amendment to the act of 1945, nor by the later amendments to § 40-20-2 of the Alabama Code.
The trial court correctly granted the motion for summary judgment of the Commissioner of Revenue and the Baldwin County Commission, and we, accordingly, affirm the judgment.
AFFIRMED.
MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.