PER CURIAM.
The plaintiffs, Ollie Kiel, et al., appeal from a judgment of the Circuit Court of Mobile County which denied them declaratory and injunctive relief from the operation of Act 85-233, 1985 Acts of Alabama. Act 85-233 provides:
“Any person who distributes, whether by gift or sale, any election campaign literature, pamphlets, buttons, stickers or other election campaign materials within 600 feet of a polling place on any election day in Mobile County shall be guilty of a misdemeanor and upon conviction shall be fined not less than $100.00 nor more than $500.00.”
The appellants contend that Act 85-233, which became effective on April 8, 1985, “contravenes Ala.Code § 17-7-18 (1975); Ala. Const., Article VIII, § 190, as amended by Amendment 41; Ala. Const., Article IV, §§ 104 and 105; and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.”
Ala.Code (1975), § 17-7-18, provides:
“Except as electors are admitted to vote and persons to assist them as herein provided, and except the sheriff or his deputy, the inspectors, returning officer, clerks of elections and watchers, no person shall be permitted within 30 feet of the polling place. (Code 1896, § 1621; Code 1907, § 371; Code 1923, § 461; Code 1940, T. 17, § 144).”
The appellees, Thomas J. Purvis, Sheriff of Mobile County, et al., argue that Act 85-233 is not in conflict with Ala.Code, § 17-7-18, and is not inconsistent with provisions of the Constitution of Alabama as alleged by Kiel. Purvis contends that Act 85-233 does not concern the “conduct of elections” and that it is not, therefore, in violation of the so-called uniformity provisions of the Alabama Constitution, §§ 104(29) and 105, and § 190 as amended by Amendment 41. Those sections provide:
§ 104(29):
The legislature shall not pass a special, private, or local law in any of the following cases:
[[Image here]]
(29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of the organization of new counties, or the changing of the lines of old counties....
*192 § 105:
No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.
§ 190 as amended by Amendment 41:
The legislature shall pass laws not inconsistent with this Constitution to regulate and govern elections and all such laws shall be uniform throughout the state; and shall provide by law for the manner of holding elections and of ascertaining the result of the same, and shall provide general registration laws not inconsistent with the provisions of this article for the registration of all qualified electors from and after the first day of January, nineteen hundred and three. The legislature shall also make provision by law, not inconsistent with this article, for the regulation of primary elections, and for punishing frauds at the same, but shall not make primary elections compulsory. The legislature shall by law provide for purging the registration list of the names of those who die, become insane, or convicted of crime, or otherwise disqualified as electors under the provisions of this Constitution, and of any names which may have been fraudulently entered on such list by the registrars; provided, that a trial by jury may be had on the demand of any person whose name is proposed to be stricken from the list.
We agree with the appellants' contention that Act 85-233 concerns the conduct of elections (§ 104(29)) and that it pertains to regulating or governing elections (§ 190 as amended by Amendment 41). In addition, Act 85-233 is a local law on a subject subsumed in a general state law (§ 105), i.e., Ala.Gode, § 17-7-18. We have held previously:
[Alabama’s Constitution] authorizes local legislation, and sets out a procedure for its enactment. Under that authorization local legislation reflecting responses to local needs may be enacted. It is only when those local needs already have been responded to by general legislation that § 105 of our state Constitution prohibits special treatment by local law.
Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978). We have also held:
It is not the broad, overall subject matter which is looked to in determining whether the local act, taken together with the general law, is violative of § 105; rather, it is whether the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law.
Drummond Co. v. Boswell, 346 So.2d 955 (Ala.1977).
Act 85-233 is, by definition, a local law in that it applies to a political subdivision within the state and not to the state as a whole. (See Ala. Const., Art. IV, § 110). Act 85-233 applies exclusively to Mobile County. A prohibition against distribution of election campaign materials within 600 feet of a polling place can be said to concern the conduct of elections. Act 85-233 is, therefore, in violation of § 104(29).
We are asked by the appellants to find that § 17-7-18 was intended by the legislature to encompass the distribution of election campaign materials, and, therefore, that it precludes any local law pertaining to the same matter. We agree with the appellants that § 17-7-18 and Act 85-233 are inconsistent. The effect of Act 85-233 is to prohibit distributors of election campaign materials from coming nearer than 600 feet to a polling place on election day. Section 17-7-18 unequivocally states that “no [unauthorized] person shall be permitted within 30 feet of a polling place.” The use of the expression “no person ” in § 17-7-18 must, obviously, include persons who would distribute election campaign materials. Act 85-233 seeks to impose a further restriction of 570 feet on distribu *193 tors of election campaign materials. We have held previously that § 105 “was not intended to prevent the enactment of a local law, when the local law is substantially different from the general law.” Peddycoart v. City of Birmingham, supra, at 812. Here, however, Act 85-238 and § 17-7-18 are not substantially different. Section 17-7-18 uniformly applies the prohibition that unauthorized persons may not be nearer to a polling place than 30 feet. A'ct 85-233 addresses this same subject by imposing a further local restriction and is in violation of § 105.
The appellants also argue that Act 85-233 violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. No reasonable relationship exists, they argue, between the purpose of the statute and the classification, i.e., Mobile County. The ap-pellees argue that the equal protection issue was not raised in any pleading before the trial court. Although it was raised in plaintiffs’ brief before the trial court and in a subsequent motion to stay the order of the trial court pending appeal, no evidence was presented on the issue at trial. Having found that Act 85-233 is in violation of § 105, however, we find it unnecessary to address the equal protection issue.
We hold, therefore, that Act 85-233 is in conflict with Ala.Code (1975), § 17-7-18, and violates the uniformity provisions of the Alabama Constitution. The Circuit Court of Mobile County erred in denying appellants’ declaratory and injunctive relief.
The judgment of the circuit court is, therefore, reversed; Act 85-233 is declared invalid and judgment is rendered for the plaintiffs.
REVERSED AND JUDGMENT RENDERED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.