*1295 Members of the State Senate State House Montgomery, Alabama
Dear Senators:
We acknowledge receipt of Senate Resolution 100, which reads:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority' of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill, S.B. 604, a copy of which is attached to this resolution and made a part hereof by reference:
“Senate Bill 604 requires the collection of a twenty-live dollar ($25) processing fee from each person jailed by the Sheriff of Limestone County. The bill provides that the proceeds of the fee shall be distributed to the office of the sheriff for equipment and capital outlay, or to supplement financial needs of the DARE program.
“1. Section 14-6-22 of the Code of Alabama 1975, requires the convicted defendant in a misdemeanor case to pay housing, maintenance, and medical costs associated with the incarceration of the defendant in a county or city jail. Does this section subsume the law regarding fees which may be collected by a county relating to the incarceration of a person and is a local law requiring the collection of a jail processing fee in conflict with the general law in violation of Section 105 of the Constitution of 1901?
“2. Does S.B. 604 violate Section 94 of the Constitution of Alabama of 1901, which prohibits the Legislature from authorizing any county to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, S.B. 604, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
The copy of S.B. 604 forwarded with the resolution reads:
*1296 “A BILL
“TO BE ENTITLED “AN ACT
“Relating to Limestone County; providing for a processing fee for each person jailed by the sheriff and distribution of the fee.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. A processing fee of twenty-five dollars ($25) shall be assessed to each person jailed by the Sheriff of Limestone County. The proceeds from the fee shall be distributed to the sheriff’s office for equipment and capital outlay of the office, or to supplement financial needs of the DARE program.
“Section 2. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
The dispositive question posed by the Resolution is whether S.B. 604 conflicts with Article IV, § 105, of the Constitution of Alabama of 1901.[1]
The relevant portion of § 105 provides that “[n]o ... local law ... shall be enacted in any case which is provided for by a general law.” (Emphasis added.) This section prohibits the enactment of a local law when the subject of the proposed local law is already subsumed by a general law. See Peddycoart v. City of Birmingham, 354 So.2d 808, 813 (Ala.1978), wherein this Court stated:
“We do not look upon the presence of a general law upon a given subject as a bare segment, but to the contrary, its presence is primary, and means that a local law cannot be passed upon that subject. By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide applica,tion, and already having that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute.”
(Emphasis original.)
The subject of a proposed local law is, therefore, deemed to have been “subsumed” by a general law if the subject matter addressed by the proposed local law has been “substantially provided for” by the general law. See Miller v. Marshall County Board of Education, 652 So.2d 759, 761 (Ala.1995), wherein this Court noted:
“This Court has previously declared:
“ ‘[LJocal legislation reflecting responses to local needs may be enacted. It is only when those local needs already have been responded to by general legislation that § 105 of our state Constitution prohibits special treatment by local law.’
“Peddycoart v. City of Birmingham, 354 So.2d 808, 815 (Ala.1978). We have also held:
“‘It is not the broad, overall subject matter which is looked to in determining whether the local act, taken together with the general law, is violative of § 105; rather, it is whether the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law.’
“Drummond Co. v. Boswell, 346 So.2d 955, 958 (Ala.1977). In State Board of Health v. Greater Birmingham Ass’n of Home Builders, Inc., 384 So.2d 1058,1062 ([Ala.] 1980), Justice Beatty, who wrote the opinion in Peddycoart, supra, stated:
“ ‘Because [the local act] represents the Legislature’s response to demonstrated local needs of Jefferson County which had not previously been addressed by the general law, we find no constitutional infirmity in the Act.’
“(Emphasis added [in Miller ].)”
*1297 The operation of S.B. 604 is restricted to Limestone County and it, therefore, unquestionably proposes a local law. See Article IV, § 110, Alabama Constitution (“a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole”). Ala.Acts 1983, No. 83-837, an act of statewide application, codified at Ala.Code 1976, § 14-6-22, provides:
“(a)(1) A court shall require a convicted defendant in a misdemeanor case to pay housing, maintenance and medical costs associated with the defendant’s incarceration in a county or city jail except as otherwise provided herein. Such costs shall not exceed $20.00 per day that the defendant has been incarcerated plus actual medical expenses incurred on behalf of the defendant. Such costs shall be taxed as costs of court and shall be in addition to any and all other costs of court.
“(2) At the time of sentencing such defendant may petition the court for remission of the payment of these costs or of any portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in such costs.
“(3) In determining the amount and method of payment of these costs, the court shall take into account the financial resources of the defendant and the nature of the burden that payment of the costs will impose. A defendant who has been ordered to pay the housing, maintenance and medical costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced him for remission of the payment of these costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in such costs or modify the method of payment.
“(b)(1) When a defendant is ordered to pay housing, maintenance and medical costs, the court may grant permission for payment to be made in a specified period of time or in specified installments. If permission is not included in the order these costs shall be payable forthwith.
“(2) When a defendant ordered to pay housing, maintenance and medical costs is also placed on probation or imposition or execution of sentence is suspended the court may make payment of the costs a condition of probation or suspension of sentence.
“(c) A default in the payment of the housing, maintenance and medical costs or any installment thereof may be collected by any means authorized by law for the enforcement of a judgment.
“(d) Moneys collected for the housing, maintenance and medical costs of a convicted defendant in a misdemeanor case shall be collected by the clerk of the sentencing court and shall be payable to the county or city in whose jail the defendant was incarcerated.”
As an examination of § 14-6-22 shows, the legislature has authorized the taxing of costs against persons convicted of misdemeanors, in an amount not to exceed $20 per day, for the purpose of reimbursing counties for expenditures associated with housing, maintenance, and medical costs arising out of the operation of their jails. S.B. 604, if enacted, would impose an additional “processing fee” of $25 on “each person jailed by the Sheriff of Limestone County” for the purpose of reimbursing “the sheriffs office for equipment and capital outlay of the office, or to supplement [the] financial needs of the DARE program.” “Capital outlay” is defined in Black’s Law Dictionary (6th ed. 1990) as “[m]oney expended in acquiring, equipping, and promoting an enterprise.” Although S.B. 604, unlike § 14-6-22, would provide additional funding for Limestone County’s DARE program, a comparison of S.B. 604 with § 14r-6-22 compels the conclusion that the legislature has already “substantially provided for” counties to be reimbursed for housing and maintenance expenses associated with the operation of their jails, through the imposition of court costs against persons convicted *1298 of misdemeanors. We can discern no material difference between “housing” and “maintenance” costs addressed in § 14-6-22, and expenses relating to “equipment and capital outlay” addressed in S.B. 604. Were it to become law, S.B. 604 would create an unconstitutional one-county variance from the provisions of § 14-6-22, by allowing the sheriff of Limestone County to collect an additional $26 fee from persons “jailed” in the county jail, for the purpose of providing additional income to offset the operating expenses of the jail. See Opinion of the Justices, No. 342, 630 So.2d 444 (Ala.1994).
Based on the foregoing, we conclude that S.B. 604 would violate § 106 of the Alabama Constitution.
Respectfully submitted,
PERRY O. HOOPER, Sr. Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
GORMAN HOUSTON, Jr.
RALPH D. COOK Justices

. In light of our answer to this question, we pretermit any discussion of the second question, concerning the constitutionality of S.B. 604 under Article IV, § 94. We note further that the constitutionality of imposing a "processing fee” on a person “jailed,” but not convicted of an offense, has not been questioned.