54 So.2d 586

**CITY OF CULLMAN v. FARMERS MARKETING & EXCHANGE ASS'N.**

**6 Div. 78.**

Supreme Court of Alabama.

Oct. 18, 1951.

Finis E. St. John, Cullman, for appellant.

Rives & Godbold, Montgomery, for appellee.

LAWSON, Justice.

The appeal is from a decree sustaining demurrer to a bill in equity.

Complainant, the City of Cullman, is a municipal corporation authorized to levy privilege licenses on retail merchants. Respondent is a farmers' cooperative marketing association organized and existing under the laws of this state, including §§ 115–133, Title 2, Code 1940.

The City of Cullman, by ordinance duly adopted, levied privilege license on retail merchants engaged in the business of selling at retail. The respondent association, although engaged in the business of selling at retail in the City of Cullman, refused to pay such license on the ground it was

exempt therefrom by the provisions of § 129, Title 2, Code 1940, which section reads: "Any corporation or association organized hereunder shall pay to the state the annual permit fee of ten dollars now required by law, and shall pay all ad valorem taxes on its real and personal property, except that all cotton and all other agricultural products which have been raised or produced in the State of Alabama, title to which may be held by such corporation or association in its own right or for the use and benefit of its members, and all goods and articles purchased or acquired by such corporation, whether in or out of the state, for its own use or for the use and benefit of its members for strictly agricultural or farm purposes in this state, shall, so long as held by such corporation or association, be exempt from taxation; nor shall such corporation be liable for any other license or privilege fee or tax for the purpose of engaging in or transacting business, or otherwise, in this state."

The bill averred the facts heretofore stated and further averred, in substance, that the respondent association owed the amount of license tax claimed by the City to be due it for the reason that if § 129, Title 2, Code 1940, be construed as showing a legislative intent that such association be exempt from payment of municipal license tax, said section is violative of § 221 of the Constitution of 1901, which section reads: "The legislature shall not enact any law which will permit any person, firm, corporation or association to pay a privilege, license, or other tax to the State of Alabama, and relieve him or it from the payment of all other privilege and license taxes in the state."

The prayer of the bill is that upon a final hearing, the court enter a decree fixing, ascertaining and holding as follows:

"1. That complainant as a municipal corporation did under legal authority levy a privilege license upon merchants engaged in retail selling of merchandise within the City of Cullman, Alabama, as set out in the bill of complaint.

"2. That respondent did engage in business as a retail merchant in the sale of merchandise at retail, including fertilizer, and that it is subject to the license schedule so levied by the City of Cullman for the years 1944 to 1949 inclusive.

"3. That Section 129 of Title 2 of the 1940 Code of Alabama is unconstitutional and void in so far as it relates to giving immunity to a corporation such as the respondent from the payment of licenses levied by the City of Cullman as a municipal corporation and is offensive to Section 221 of the Constitution of Alabama.

"4. That complainant is entitled to an accounting of the respondent on the question of how much stock was held by the respondent during the respective years 1944 to 1949, the amount of gross annual business done during said years, and the amount of fertilizer sold at retail by the respondent during said years.

"5. Ordering a reference before the Register of this Court to ascertain the amount due from the respondent to the complainant for licenses under said schedule for said period of time and during said years.

"6. Entering a judgment in favor of the complainant against the respondent for the amount found to be due from the respondent to the complainant.

"7. Ordering an injunction or restraining writ to the respondent, restraining it from further operation and conduct of its said business within the City of Cullman, Alabama, until the amount of licenses so ascertained and fixed, for which judgment is rendered in this cause, is paid by the respondent to the complainant.

"8. And for such other and further relief, both general and special, as in equity the complainant may be deemed entitled."

The bill alleges: "This action is brought under the provisions of Article 4, of Title 37 of the 1940 Code of Alabama." The pertinent sections of that article are §§ 760, 761, and 762, which read:

"§ 760. Bill or petition.—Any municipality of the State of Alabama may file in the circuit court, sitting in equity, in the county in which said petitioning municipality is situated, a bill or petition to enjoin the op-

eration and conduct of any business, occupation, trade of profession subject to municipal privilege license or excise tax imposed by the petitioning municipality and which is delinquent in whole or in part. Said petition or bill shall be verified by the mayor, city clerk, police officer, or by any other governing official or by any employee of the municipality authorized to receive or collect said license or tax.

"§ 761. Injunctive relief.—Upon the filing and presentation of a bill or petition as herein authorized, it shall be the duty of the court to set a day for the hearing of said cause upon not less than ten nor more than fifteen days' notice thereof to be given the respondents; said notice to be in such form as the court may direct and at such hearing upon reasonable cause, to grant a temporary injunction restraining the respondents from further operation or conduct of said business, occupation, trade, or profession, and no bond shall be required of the complainant as a condition thereto. The court shall not grant a temporary injunction unless it has reasonable cause to believe that the respondent owes a debt to the complainant for privilege license or excise tax. The court shall, upon final hearing, if the proof be sufficient, grant a permanent injunction restraining the respondent as herein directed to be done by a temporary injunction. Such injunctions may be dissolved in the manner herein provided.

"§ 762. Accounting and judgment.—Said bill or petition need not allege the amount due, but may seek an accounting of the respondent for the amount of license tax or excise tax due the complainant. It shall be the duty of the court to render a judgment in favor of the complainant for the amount of license or excise tax found to be due, and it may also declare and enforce any lien therefor provided by the laws of Alabama. The court may order a reference as in other cases."

It seems clear to us that complainant has not made out a case for any of the relief prayed for unless the averments of the bill are sufficient to show that respondent was delinquent in the payment of a privilege license due the complainant. Otherwise expressed, if the bill is not sufficient to show that respondent is delinquent in the payment of a privilege license due the City of Cullman, then the bill is without equity.

■ As we view it, the language of the last clause of § 129, Title 2, supra, shows a clear legislative intent that the exemption from taxation therein provided shall apply to exactions by muncipalities as well as those by the State. As used in the last clause of § 129, Title 2, supra, the words "in this state," in our opinion, include not only the State of Alabama but its political subdivisions.

We come now to the constitutional question. The argument of appellant, complainant below, as we understand it, is that the "permit fee" which a corporation or association such as respondent is required to pay by the terms of § 129, Title 2, supra, is a "privilege, license, or other tax," as those words are used in § 221 of the Constitution, and hence § 129, Title 2, supra, is violative of § 221 of the Constitution, since it purports to permit the State to collect a "privilege, license or other tax" while denying that right to the political subdivisions of the state.

■ The "permit fee" which is required to be paid by § 129, Title 2, supra, is evidently that provided by § 346, Title 51, Code 1940, which section requires domestic corporations organized under this state to secure a permit, for which they are required to pay a fee of ten dollars. The purpose of the permit is to provide registration; to prevent the duplication of names; to secure for the public record of taxation and other purposes the names and addresses of the corporations and the individual officers thereof.

It is true that we have held that the word "tax," unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory purposes. As said in State v. Commercial Loan Co., 251 Ala. 672, 38 So.2d 571, 574, " * * * license fees are commonly called taxes even though strictly speaking they may be a charge or

fee rather than a tax." It is also true that oftentimes the words "permit" and "license" are used interchangeably.

But in dealing with the question here presented, we must avoid the tyranny of definitions and approach the solution of the problem from a common-sense point of view, keeping in mind the purpose for which § 221 of the Constitution was adopted.

We have said that the purpose of § 221 of the Constitution is to prevent the legislature from levying a license tax "for the use of the state" and at the same time relieve licensees from the payment of all other taxes of like kind to counties and municipalities. Exchange Drug Co. v. State Tax Commission, 218 Ala. 115, 117 So. 673, 675. See City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159; Ex parte Bozeman, 183 Ala. 91, 63 So. 201.

Under § 129, Title 2, supra, the State and its political subdivisions are treated alike except that the State is permitted to collect the "permit fee" of ten dollars which, as before indicated, was only a nominal charge exacted, we think, for the purpose of defraying the expenses incident to the issuance of a permit.

We do not think it was the intention of the Constitution makers that § 221 should be construed so as to prevent the legislature from requiring the payment of such an exaction to the State, regardless of the name by which it is called, when in other respects, in so far as exemption from taxation is concerned, the State and its political subdivisions are treated alike.

The bill of complaint fails to show that respondent was delinquent in the payment of a privilege license to the complainant and is, therefore, without equity. The demurrer of respondent was properly sustained.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.