I.
On 20 April 1982, the Alabama Legislature enacted Act 82-344, Acts of Alabama (H. 165); it was approved by the Governor to become effective at midnight 30 September 1982. Act 82-344 (now § 28-3-190, Code 1975) was enacted to "regulate the taxation of beer by levying an exclusive statewide local privilege or excise tax" on the sale of beer and provide for the collection and distribution of the proceeds of the tax.
The City of Muscle Shoals objected to Act 82-344, alleging its enforcement would result in a loss of revenue to the City in excess of $380,000 annually. Testimony supporting that allegation was adduced before the Circuit Court of Colbert County subsequent to Muscle Shoals's requests for declaratory and injunctive relief. At that hearing, Muscle Shoals alleged the act was unconstitutional because:
 (1) "The assessment or collection of taxes" may not be passed by a local law (Ala. Const. Art. IV, § 104 (15));
 (2) A local law may not be "enacted in any case which is provided for by a general law" (Ala. Const. Art. IV, § 105); and,
 (3) A local law can be passed only upon notice and proof, which was not given with respect to Act 82-344 (Ala. Const. Art IV, § 106).
On 30 September 1982 the trial court entered the following:
 (1) Act No. 82-344 is a local act and not a general act and violates the provisions of Articles IV, Sections 104, 105, 106 and 110 as amended, Constitution of Alabama 1901, and is therefore unconstitutional.
 (2) The enforcement of the Act is hereby enjoined pending appeal.
On 1 October 1982, Probate Judge Crosslin perfected his appeal to this court by filing notice of appeal and security for costs in the circuit court. Further, on 1 October 1982 the probate judge filed his motion in the trial court for an order suspending the injunction pending appeal. That motion was denied by order dated 1 October 1982.
On 4 October 1982, the probate judge filed in the Supreme Court his application for supersedeas, stay, or order suspending the injunction pending appeal. This court granted supersedeas on 5 October 1982, and the probate judge posted supersedeas bond.
 II.
The decisive issue before this court is whether Act 82-344 is a general law and constitutional, or a local law and unconstitutional.
There are a number of well established principles of law relevant to this issue:
 (1) It is the duty of courts to sustain the constitutionality of a legislative act unless it is clear beyond a reasonable doubt that it is in violation of the fundamental law. Brittain v. Weatherly, 281 Ala. 683, 685, 207 So.2d 667, 668, 669
(1968).
 (2) A court is duty bound not to construe the act as a local one when it is so framed as to be reasonably susceptible of interpretation as a general law. State ex rel. Montgomery v. Merrill, 218 Ala. 149, 152-155, 117 So. 473, 476 (1928).
 (3) A statute that has a "bona fide application to the entire state in some of its chief features" is a general law, though it does not apply in every detail throughout the entire state. State ex rel. Collman v. Pitts, 160 Ala. 133, 134, 49 So. 441, 442 (1909).
 (4) Whether a statute is general and valid, or local and invalid, must be determined from the statute as a whole. The legislative mind is to be read from an act as a whole. Dillon v. Hamilton, 230 Ala. 310, 160 So. 708 (1935).
We remain cognizant of these principles on review of the issues presented.
 III.
Muscle Shoals argues Act No. 82-344 is a local law because the distribution of taxes *Page 864 
as provided for in 31 county formulae does not apply to the state as a whole, but only to the counties enumerated in Section 1 (c)(2)(i) through (xxxi). It relies on this court's decision in Peddycoart v. City of Birmingham, 354 So.2d 808
(Ala. 1978), contending the Peddycoart principle leads to the conclusion that Act 82-344 is local, and therefore unconstitutional. Peddycoart and its progency — Ex parteDement and Thomas, 424 So.2d 659 (Ala. 1982) — are distinguishable from the present factual situation. Both cases relate to an arbitrary classification, with no reasonable relationship between the classification used and the purpose of the statute. In Peddycoart the classification was according to population; in Dement it was based on the number of circuit judges within a county. Each was held violative of the equal protection clause of the U.S. Constitution. Both cases further held that, because of the unreasonable classification, the act in question could not qualify as a general law of local application.
We find there is no classification in Act 82-344. It is obvious from a reading of the act in its entirety that auniform tax was levied by the legislature to be collected from every purchaser of beer in all "wet counties" in the state. This tax is exclusive throughout the state. It is in lieu of every other local tax or license fee, measured by the sale, or volume of sale, of beer except a general sales tax. This tax isstate-wide because it applies everywhere within the state where beer is legally sold. The only disparate treatment we find is in the Act's provisions for the disposition of the tax proceeds within the counties where they are collected. These provisions simply earmark the funds to provide for specific needs within each county. Thus, there can be no unreasonable or arbitrary classification. We further find no lack of equal protection of the people located within a single county where the tax is levied. The Peddycoart principle is not here applicable.
The rule Muscle Shoals seems to urge regarding the "general-local" law dichotomy set forth in Ala. Const. Art. IV, § 110 (1901, amended 1978, 1982) is that where a law embodiesany differences in application between counties, it is local, even though of statewide application. For this court to so hold would greatly restrict our legislature. This court, when confronted with construction of this constitutional provision in 1904, noted:
 "While, as we have intimated, there are decisions in some of the States which indicate so strict a construction of similar constitutional provisions as to result in such a state of affairs, as above alluded to, yet, in taking up this new provision of our Constitution, we prefer to follow authorities which we hold to be based on sounder reasons, and to give to this constitutional provision such a construction as will effectuate the intention of its framers, and, at the same time give it a practical interpretation, which will make it useful, and not harmful, to the interests of the State.
 "The Supreme Court of New Jersey, in discussing a case, in which the question of local or general law was at issue (and in which it considered that it should `emancipate itself' from the bondage of verbal definitions), used this language: `When we find that the adoption of the narrow signification of the term used will lead to positive absurdity, and that the reception of the word in its wider import is attended with the establishment of a rule of public policy, both wise and salutary, it is not difficult to make choice between the alternatives.' Van Riper v. Parsons, 40 N.J.L. [1 at], p. 5."
State ex rel. Covington v. Thompson, 142 Ala. 98, 108,38 So. 679 (1904). Agreeing with the above rationale, we think a less severe, and more reasonable, method of distinguishing between general and local laws than Muscle Shoals urges is practical and, as the Supreme Court of New Jersey stated, as quoted above, less "absurd."
 IV.
Therefore, we agree with Judge Crosslin's contention that Act No. 82-344 is a general law and the fact that the law permits or directs differences in matters of administration suited to the particular *Page 865 
needs of the localities affected does not make it any less a general law.
Because this act is a general rather than local law, it does not violate Ala. Const. Art. IV, §§ 104 (15), 105, or 106. Consequently, the judgment of the court below is reversed with directions that judgment be entered declaring Act No. 82-344 constitutional and the action dismissed.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.