Christopher Allen King appeals from an order of the Circuit Court for Tuscaloosa County denying a petition for writ of mandamus directed at a municipal court judge. Christopher Allen King was arrested for DUI (driving under the influence of alcohol or drugs), in violation of § 17-1 of the Municipal Code of Tuscaloosa, Alabama, in February 1987. This ordinance is the general "adopting ordinance" for the City of Tuscaloosa, and adopts § 32-5A-191, Code of Alabama 1975, the DUI statute. Thereafter, King, through his attorney, applied for youthful offender treatment under § 15-19-1, Code of Alabama 1975, on March 26, 1987. The order was granted on the same day the petition was filed, and King entered a plea of guilty. The penalty assessed was a $250 fine and a requirement that the defendant attend DUI school. The fine was paid. Later on, the municipal judge, Hon. Robert V. Wooldridge, discovered for the first time that the DUI incident involved a terrible accident in which one person was killed and another person was severely injured. The municipal court, on its own motion, rescinded the previous order granting youthful offender treatment, by an order dated July 10, 1987, and restored King's case to the trial docket for trial or other disposition.
King then petitioned for a writ of mandamus in the Tuscaloosa Circuit Court. His petition pointed out the passage of time since the first order and argued that the municipal court had lost its authority to revoke the earlier order. Appellant contended that to do so violated his constitutional right against double jeopardy, that the municipal court lacked jurisdiction, and that to revoke the original order would further violate his rights under the Alabama Youthful Offender Act.
A hearing was held before the Honorable John M. Karrh, Circuit Judge, on July 27, 1987. Judge Karrh ruled that the Youthful Offender Act was not applicable to offenses against the rules of the road, including the DUI law, nor was it applicable to § 17-1 of the Tuscaloosa Municipal Code, the adopting ordinance. We affirm.
The DUI statute is § 32-5A-191, Code of Alabama 1975. It is part of Chapter 5A. Section 32-5A-1 recites that "[t]his chapter may be cited as the Alabama Rules of the Road Act. (Acts 1980, No. 80-434, page 604, sec. 15-103)." Section32-5A-3 states as follows: *Page 578 
 "It is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter."
Section 32-5A-191, as most recently amended, provides in part as follows:
 "(c) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by a fine of not less than $250.00 nor more than $1,000.00, or by both such fine and imprisonment. In addition, on first conviction, the director of public safety shall suspend the driving privilege or the driver's license of the person so convicted for a period of 90 days. First time offenders convicted of driving while under the influence of alcohol shall also be required to complete a DUI court referral program approved by the state administrative office of courts. Neither reckless driving nor any other traffic infraction is a lesser included offense under a charge of driving while under the influence of alcohol or controlled substances."
The penalty provisions for second and third convictions of DUI within a five-year period provide for minimum jail time but provide that the jail time shall not exceed a period of one year. This statute, without question, treats DUI as a misdemeanor. Section 13A-1-2(3) defines a misdemeanor as "an offense for which a sentence to a term of imprisonment not in excess of one year may be imposed." This statute further defines a felony, in subsection (4), as "an offense for which a sentence for a term of imprisonment in excess of one year is authorized by this title."
The Youthful Offender Act, § 15-19-1, Code of Alabama 1975, states:
 "(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
 "(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed." (Emphasis supplied.)
In construing these two acts, § 15-19-1, et seq. and §32-5A-191, et seq., we must ascertain and give effect to the intention or purpose of the legislature as expressed in the statute. 82 C.J.S. Statutes § 321 (1953).
 "Of course, when the plain meaning of a statute can be gleaned from its words, it should be so construed. State v. Commercial Loan Co., 251 Ala. 672, 38 So.2d 571 (1949); Van Houtan v. Black, 191 Ala. 168, 67 So. 1008 (1915). But where, because of ambiguous language or otherwise, the meaning is not clear on the face of the statute, we must determine its meaning. To accomplish this, courts frequently and properly look to the legislative purpose in enacting the legislation. State v. Union Tank Car Co., 281 Ala. 246, 201 So.2d 402 (1967)." Mobile Cty. Repub. Exec. Com. v. Mandeville, 363 So.2d 754, 757 (Ala. 1978).
The Alabama Rules of the Road Act identifies each offense as a misdemeanor "unless otherwise declared in this chapter with respect to particular offenses." Accordingly, by definition, we hold that driving under the influence, DUI, as described in § 32-5A-191, is a misdemeanor. This Act was passed in 1980 and amended in 1981, 1983, and 1984. The legislature had ample opportunity to change the relation of these *Page 579 
statutes had it seen fit to do so. We hold that the Youthful Offender Act, § 15-19-1, et seq., does not apply to the DUI law.
Consequently, the circuit court correctly ruled that the municipal court was without authority to give youthful offender treatment to a person charged with the crime of DUI. The act of the municipal court purporting to extend youthful offender treatment to this defendant was therefore a nullity. As such, it could be set aside at any time. Neither did the circuit court err in finding as a matter of law that the municipal court acted within its authority in restoring this case to the trial docket. The judgment of the circuit court is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.