This tax case presents the question whether Act No. 87-537, Ala. Acts 1987, violates Art. IV, § 105, of the Constitution of Alabama of 1901. The appellants claim that the subject of that local act is subsumed by § 40-12-4, Ala. Code 1975, a general act that specifically authorizes county commissions to levy a tax measured by gross receipts, parallel to the state sales and use tax, in order to provide for public education in the counties. Act No. 87-537 authorizes the Marshall County Commission to levy on gross receipts in a portion of Marshall County a tax parallel to the state sales and use tax, for the support of the Marshall County schools in areas not served by city school systems. Under the local act, the cities of Arab, Albertville, and Guntersville are not subject to the tax imposed by the Marshall County Commission pursuant to Act No. 87-537 because they are served by their own city school systems.
The plaintiff Melinda Starling Miller is a taxpayer of Marshall County required to pay the levy imposed under Act No. 87-537; she contends that it is an illegal levy. The plaintiff-intervenor Keith E. Johnson (doing business as Five Points Store), is a retailer against whom the commissioner of revenue of the State of Alabama, as agent for the Marshall County Commission, has levied an assessment; the commissioner of revenue levied it because Johnson neither collected the tax from customers nor paid it to the State for the period of assessment.
The named defendants are the Marshall County Board of Education, its five members, its superintendent of schools, and the commissioner of the State Department of Revenue.
The trial court entered a summary judgment in favor of the defendants, declaring Act No. 87-537 not to violate Ala. Const., Art. IV, § 105. We affirm.
Miller and Johnson appealed. They contend that § 40-12-4 is a general act that subsumes the subject matter of the local act and that the local act therefore violates § 105 of the constitution.
The standard of review for determining the constitutionality of a statute was stated in State Board of Health v. GreaterBirmingham Ass'n of Home Builders, Inc., 384 So.2d 1058, 1061
(1980):
 "Before turning to the constitutional issue posed in this case, it is appropriate to reiterate the fundamental proposition that validly enacted legislation is presumed to be constitutional. As we stated in Mobile Housing Board v. Cross, 285 Ala. 94, 97, 229 So.2d 485, 487 (1969):
 " 'Every presumption is in favor of the constitutionality of an act of the legislature and this court will not declare it invalid unless in its judgment, the act clearly and unmistakably comes within the inhibition of the constitution.'
 "We will not invalidate a statute on constitutional grounds if by reasonable construction it can be given a field of operation within constitutionally imposed limitations. See Ex parte Huguley Water System, 282 Ala. 633, 213 So.2d 799 (1968)."
In Home Indemnity Co. v. Anders, 459 So.2d 836, 840 (Ala. 1984), this Court stated: *Page 761 
 "In determining whether the act is constitutional, we are bound by the following presumption:
 " '[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond a reasonable doubt that it is violative of the fundamental law.'
 "Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944)."
Bearing in mind the principles set out above, we direct our attention to the question presented here. Section 105 has been construed by this Court to prohibit the enactment of a local act when the subject is already subsumed by a general statute.Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala. 1978). Did § 40-12-4 subsume the subject matter addressed in Act No. 87-537? We hold that it does not: Act No. 87-537 may reasonably be interpreted to have a constitutional field of operation, because, we conclude, the subject matter addressed in Act No. 87-537 was not substantially provided for by general law. The trial court correctly concluded that " § 40-12-4 does not clearly and unmistakably subsume the subject of Act No. 87-537."
This Court has previously declared:
 "[L]ocal legislation reflecting responses to local needs may be enacted. It is only when those local needs already have been responded to by general legislation that § 105 of our state Constitution prohibits special treatment by local law."
Peddycoart v. City of Birmingham, 354 So.2d 808, 815
(Ala. 1978). We have also held:
 "It is not the broad, overall subject matter which is looked to in determining whether the local act, taken together with the general law, is violative of § 105; rather, it is whether the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law."
Drummond Co. v. Boswell, 346 So.2d 955, 958 (Ala. 1977). InState Board of Health v. Greater Birmingham Ass'n of HomeBuilders, Inc., 384 So.2d 1058, 1062 (1980), Justice Beatty, who wrote the opinion in Peddycoart, supra, stated:
 "Because [the local act] represents the Legislature's response to demonstrated local needs
of Jefferson County which had not previously been addressed by the general law, we find no constitutional infirmity in the Act."
(Emphasis added.)
The record indicates that conditions in Marshall County created the need for special attention by the legislature: Before 1969, the Marshall County School System was the only school system in the county. Since then, three cities in Marshall County have appointed city school boards and have withdrawn their schools from the Marshall County School System: Guntersville in 1969, Arab in 1970, and Albertville in 1985. The Marshall County School System has continued to serve the students residing in the county school district, including the areas of Boaz, Douglas, Grant, Union Grove, Grassy, Claysville, and Asbury.
After the withdrawal of the Albertville schools in 1985, the Marshall County Board of Education found itself having to operate a primarily rural school system with a greatly diminished tax base. The same kinds of central office services had to be continued (busing operations, maintenance, instructional services, supervision, etc.) for a much smaller school system. In addition to the loss of enrollment in the county system after the formation of the Albertville City School System and the resulting loss of state and federal dollars for operation that had flowed to the county system, the county system had a tremendous loss of capital assets. In comparison, the county system had made many improvements to the schools in the city of Albertville, including building a new elementary school that had been open for only one year before it was withdrawn from the county system. *Page 762 
During January and February 1987, the superintendent of Marshall County Schools, Dr. Charles H. Edmonds, conducted a study comparing the taxes generated for the Marshall County School System to the taxes generated in other school systems throughout Alabama. The study, which included financial reports of the Alabama State Department of Education and surveys completed by the superintendents of education across the state, indicated that the Marshall County School System was at the bottom of the 130 school systems in Alabama in terms of local tax dollars generated and spent for education.
The Public Affairs Research Council of Alabama did extensive study of local tax support for education in 1987, including sales tax levies. The report, published in 1989, ranked the Marshall County School System last in Alabama in terms of local expenditures per child, at $113.00 per year.
We conclude that these facts showed that Marshall County had a demonstrated local need that was not provided for by the general law.
The record also indicates that the sales tax sought by the Marshall County School System to benefit the county schools could be accomplished only by a local act: In 1987, Superintendent Edmonds decided that, as part of a package of tax measures designed to improve the schools, there should a sales tax and an increase in property taxes. The county system at that time had no sales tax revenues. The Marshall County Board of Education decided in the spring of 1987 to seek a sales tax for the school system. This was to be in addition to its efforts to secure an ad valorem tax increase. Dr. Edmonds stated in his affidavit that the property tax was to serve as a stable tax that would not decrease during periods of recession or slow economic growth. The sales tax would grow as the economy grew, with revenues available immediately, whereas property taxes that were levied in October would not be available until the following year.
Dr. Edmonds needed the assistance of the cities of Arab, Albertville, and Guntersville in order to secure a sales tax levy under § 40-12-4, since that law authorized a county-wide tax levy, applicable even in cities with city school systems, with proceeds distributed on a per-student basis. Dr. Edmonds met with the superintendents of the city systems of Arab, Albertville, and Guntersville, to seek their assistance in securing a sales tax for the county schools. He advised the city superintendents that they could remove the sales tax being levied in those cities pursuant to local ordinance and share in a county-wide sales tax on a per-student basis as provided for in § 40-12-4. Apparently, the city superintendents were not willing to give up the sales tax being collected in their respective school districts and to share in a county-wide sales tax. Consequently, Dr. Edmonds and the Marshall County School Board asked the legislators from Marshall County to introduce in the legislature the bill that became Act No. 87-537.
We find Act No. 87-537 represents the legislature's response to demonstrated local needs of Marshall County. Therefore, we find no violation of § 105 of the constitution. The trial court's judgment is affirmed.
AFFIRMED.
MADDOX, HOUSTON, KENNEDY and COOK, JJ., concur.