Members of the Senate Alabama State House Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution 126, by which you request the opinion of the Justices as to whether pending House Bill 765 violates certain provisions of the Constitution of Alabama of 1901. The resolution reads:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinion on the following important constitutional questions which have arisen concerning the pending bill, House Bill 765, a copy of which is attached to this resolution and made a part hereof by reference.
“Generally, House Bill 765 levies in Hale County an additional privilege or excise tax on beer, malt, or brewed beverages in the amount of two cents per 12 fluid ounces or fraction thereof.
“The following relevant constitutional and statutory provisions are respectfully presented:
“Section 104 of the Constitution of Alabama of 1901 provides that nothing in Ar- *1308 tide IV shall affect the right of the Legislature to enact local laws regulating or prohibiting the liquor traffic.
“Section 105 of the Constitution of Alabama of 1901, which is located in Article IV, provides, no local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law.
“Subsection (e) of Section 28-3-190 of the Code of Alabama 1975, relating to an excise tax upon beer, provides, ‘The tax herein levied is exclusive and shall be in lieu of all other or additional local taxes and licenses, county or municipal, imposed on or measured by the sale or volume of sale of beer ... ’
“Based on these provisions of law and other applicable provisions:
“1. Is House Bill 765 a local law regulating the liquor traffic as authorized by Section 104 of the Constitution of Alabama of 1901, and accordingly, constitutionally permissible?
“2. Does House Bill 765 violate Section 105 of the Constitution of Alabama of 1901, as a local law concerning an issue subsumed by the general law provided in Section 28-3-190?
“RESOLVED FURTHER, That the Secretary of the Senate is directed to send sufficient true copies of the pending bill, House Bill 765, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
House Bill 765 veiy simply proposes to levy a tax on beer sold in Hale County. Section 1 of House Bill 765 reads as follows:
“Section 1. Notwithstanding any provision of the law, in Hale County there is levied in addition to the beer tax imposed pursuant to Section 28-3-190, Code of Alabama 1975, an additional privilege or excise tax on beer, malt, or brewed beverages. The amount of the additional tax shall be two cents ($0.02) per 12 fluid ounces or fraction thereof and shall be collected as other taxes on beer, malt, or brewed beverages.”
Section 104 of the Constitution of Alabama of 1901 begins: “The legislature shall not pass a special, private, or local law in any of the following eases,” and then lists 31 cases. It concludes:
“The legislature shall pass general laws for the cases enumerated in this section, provided that nothing in this section or article shall affect the right of the legislature to enact local laws regulating or prohibiting the liquor traffic; but no such local law shall be enacted unless notice shall have been given as required in section 106 of this Constitution.”
(Emphasis added.)[1] Section 105, Ala. Const. 1901, provides, in pertinent part, “No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law....”
Section 28-3-190, Ala.Code 1975, levies a “privilege or excise tax” on persons licensed to sell beer, measured by the volume of sales by those persons of beer.[2] Section 28-3- *1309 190(c) provides for the disposition of the proceeds from this tax, specifically providing for the distribution of those proceeds in 31 counties.[3] The distribution of the proceeds of the beer tax in Hale County is governed by § 28-3-190(c)(2)o. Section 28-8-190 concludes with the following paragraph (e):
“The tax herein levied is exclusive and shall he in lieu of all other or additional local taxes and licenses, county or municipal, imposed on or measured by the sale or volume of sale of beer, provided that nothing herein contained shall be construed to exempt the retail sales of beer from the levy of a tax on general retail sales by the county or municipality in the nature of, or in lieu of, a general sales tax.”
(Emphasis added.)
This Court held in Crosslin v. City of Muscle Shoals, 436 So.2d 862 (Ala.1983), that the act which became § 28-3-190 was a general law, notwithstanding the specific provisions regarding distribution of the proceeds in the 31 listed counties. This Court did not address in Crosslin the proviso in § 104 that allows local laws regulating the liquor traffic. It is perhaps significant that Probate Judge Crosslin, in advocating the constitutionality of the act later codified as § 28-3-190, contended that it was a general law, and not that it was a local law regulating the liquor traffic and therefore exempted by § 104 from the strictures of § 104 and § 105.
The Court of Civil Appeals held in Danny’s, Inc. v. City of Muscle Shoals, 620 So.2d 8 (Ala.Civ.App.1992), that § 28-3-190 prohibited a local ordinance levying a tax on persons selling beer. The court did not refer to § 104, perhaps because § 104 pertains to legislative acts, not municipal ordinances.
Thus, the question before us is whether the proviso in § 104, which allows the Legislature to pass local laws regulating the liquor traffic, allows the Legislature to enact House Bill 765, notwithstanding that § 28-3-190 is a general law on the subject and that § 105 prohibits the enactment of a local law “in any ease which is provided for by a general law,” and, further notwithstanding that § 28-3-190(e) provides that the tax levied by that section is “exclusive and in lieu of’ any local tax or license “on or measured by the sale of beer.”
Does House Bill 765 propose to enact a law “regulating the liquor traffic”? The answer to this question depends on whether the proposed tax would be strictly a revenue measure or could reasonably be viewed as a regulatory measure.
The Court in State v. Commercial Loan Co., 251 Ala. 672, 38 So.2d 571 (1948), addressed the distinction between taxes that are purely revenue measures and “taxes” or licenses, fees, or charges that are principally regulatory in purpose and effect. The Court distinguished between a “true” tax, which is a revenue measure, and a license, which requires the payment of a fee or charge as part of a regulatory measure imposed pursuant to the police power of the state. The Court noted that license fees are often informally referred to as taxes:
“[T]he word tax, unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory purposes. In other words license fees are commonly called taxes even though strictly speaking they may be a charge or fee rather than a tax.”
251 Ala. at 675, 38 So.2d at 573-74. State v. Commercial Loan Co. illustrates the difference between a tax that is purely a revenue-producing measure and a “tax” (whether a *1310 license fee or a true tax) imposed to regulate the business or activity being taxed.
In City of Mobile v. M.A.D., Inc., 684 So.2d 1283 (Ala.1996), an issue was presented as to whether the state liquor tax was a tax on the consumer or a tax on the retailer. In holding that it was a tax on the retailer, the Court contrasted the wine tax, which, in § 28-7-16(b), provides:
“Collection. — The tax levied by subsection (a) of this section shall be added to the sales price of all table wine sold and shall be collected from the purchasers. The tax shall be collected in the first instance from the wholesaler where table wine is sold or handled by wholesale licensees, and by the board from whomever makes sales when table wine is sold by the board. It shall be unlawful for any person who is required to pay the tax in the first instance to fail or refuse to add to the sales price and collect from [the] purchaser the required amount of tax, it being the intent and purpose of this provision that the tax levied is in fact a levy on the consumer....”
The Court also cited § 28-3-184, which levies a state tax on beer (as opposed to § 28-3-190, which levies a county tax on beer), as another example of legislation clearly imposing a consumer tax, saying:
“[T]he legislature knows how to make a tax a consumer tax. The legislature used unequivocal language in § 28-3-184, imposing a tax on ‘malt or brewed beverages’ and in § 28-7-16, imposing a tax on ‘table wine,’ to express its intention that those taxes be passed on to the consumer.”
City of Mobile, 684 So.2d at 1287.
Similarly, § 28-3-190(b) provides:
“Collection. — The tax levied by subsection (a) of this section shall be added to the sales price of all beer sold, and shall be collected from the purchasers. It shall be unlawful for any person who is required to pay the tax in the first instance to fail or refuse to add to the sales price and collect from the purchaser the required amount of tax, it being the intent and purpose of this provision that the tax levied is in fact a tax on the consumer, with the person, firm, corporation, club or association who pays the tax in the first instance acting merely as an agent of the county or municipality for the collection and payment of the tax.”
Thus, § 28-3-190 clearly levies a consumer tax, not a tax on the retailer designed to regulate the business of selling beer. This conclusion is reinforced by the fact that Chapter 3A of title 28 clearly does regulate the sale of alcohol. That chapter is entitle “Alcoholic Beverage Licensing Code,” § 28-3A-1, and, for example, requires a retail beer license for on-premises and off-premises consumption, § 28-3A-16, or a retail beer license for off-premises consumption, § 28-3A-17. Fees for these licenses are provided for in §§ 28-3A-4 and 28-3A-21(a), and additional county fees are allowed by § 28-3A — 4 and § 28-3A-21(e). A glance at the provisions of Chapter 3A shows the extensive regulation imposed by that chapter.
If § 28-3-190 is simply a tax to raise revenue (1.625 cents per four fluid ounces of beer), not a law regulating the liquor traffic, then House Bill 765, which would enact a substantially identical tax for Hale County, is merely a revenue measure (2 cents per 12 fluid ounces of beer), not a “local law[ ] regulating ... the liquor traffic” within the meaning of § 104 of the Constitution.
Because we conclude that House Bill 765 does not propose “a local law regulating the liquor traffic as authorized by Section 104 of the Constitution of Alabama of 1901,” its enactment would not be “constitutionally permissible,” and we therefore answer your first question in the negative. Because a law enacted by House Bill 765 would not be exempted by the proviso of § 104 from the operation of Article IV of the Constitution, and because § 28-3-190, Ala.Code 1975, is a general law providing for the “case” (the term used in § 105) to which House Bill 765 pertains (and, moreover, because § 28-3-190(e) expressly prohibits other or additional local beer taxes), such a law would “violate Section 105 of the Constitution of Alabama of 1901, as a local law concerning an issue subsumed by the general law provided in Section 28-3-190,” and we answer your second question in the affirmative.
Although the above discussion answers the questions presented, we add the following *1311 lest the Legislature infer that we are implying that a local law similar to House Bill 765 could be made constitutionally permissible by the simple expedient of calling it a bill to regulate the liquor traffic. Subsection (e) of § 28-3-190, a general law of statewide application to “wet” counties, expressly prohibits any other or additional local taxes and licenses on beer. A local law purporting to levy such a tax or license would necessarily be an attempt to amend a general law by a local law, when the general law expressly prohibits what the local law is attempting to do. Even aside from the application of § 105 of the Constitution, it seems unlikely that such an amendment of a general law by a local law could be sustained. However, we have not fully researched this question, because it is beyond the scope of the questions presented by S.R. 126.
QUESTIONS ANSWERED.
Respectfully submitted,
PERRY 0. HOOPER, Sr.
Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
J. GORMAN HOUSTON, Jr.
MARK KENNEDY
RALPH D. COOK,
Associate Justices

. “This Court has held that beer and wine are included within the definition of 'spirituous liquor,’ as that term is used in the Civil Damages Act [Ala.Code.1975, § 6-5-70]. Espey v. Convenience Marketers, Inc., 578 So.2d 1221, 1231 (Ala.1991) (holding limited by McIsaac v. Monte Carlo Club, Inc., 587 So.2d 320 (Ala.1991)).” McLeod v. Cannon Oil Corp., 603 So.2d 889, 891 (Ala.1992). We express no opinion in this advisory opinion as to whether “regulating ... the liquor traffic" within the meaning of § 104 would include beer. If it does not, a law such as that proposed by House Bill 765 could not withstand a constitutional challenge.

. Section 28-3-190(a) reads:
"(a) Levy. — In addition to the excise tax levied by Article 5A of Chapter 3 of this title and the licenses provided for by Chapter 3A of this title and by Section 28-3-194, and any acts amendatory thereof, supplementary thereto or substituted therefor, and municipal and county licenses, there is hereby levied a privilege or excise tax on every person licensed under the provisions of said Chapter 3A who sells, stores, or receives for the purpose of distribution, to any person, firm, corporation, club or association within the State of Alabama any beer. The tax levied hereby shall be measured by and graduated in accordance with the volume of sales by such person of beer, and shall be an amount equal to one and six hundred twenty- *1309 five thousands cents (1.625 cents) for each four fluid ounces or fractional part thereof.”
Article 5A of Chapter 3 of title 28 levies and allocates to the state treasury a privilege or excise tax on persons licensed to sell beer. Chapter 3A of title 28 is the “Alcoholic Beverage Licensing Code.”

. Many counties in Alabama are "dry,” i.e., the sale of alcoholic beverages is prohibited there. See § 28-2-1 et seq., Ala.Code 1975. This may explain the exclusion from § 28-3-190(c) Of 36 counties. We have not determined whether those counties omitted from § 28-3-190(c)(2)a through -190(c)(2)ee are dry. The Court in Crosslin v. City of Muscle Shoals, 436 So.2d 862, 864 (Ala.1983), stated, regarding the 1982 Act which was codified as § 28-3-190, that “a uniform tax was levied by the legislature to be collected from every purchaser of beer in all 'wet counties’ in the state” (original emphasis deleted; emphasis added).