On Application for Rehearing

HOOPER, Chief Justice.
The opinion of June 2, 2000, is withdrawn, and the following is substituted therefor.
The plaintiffs in the Allen case are attorneys at law whose principal offices are located in Walker County. The *810 plaintiffs in the Blackston ease are accountants, physicians, chiropractors, a dentist, veterinarians, and a group including optometrists and opticians; all have their principal offices in Walker County. The defendants in both cases are Walker County; the Walker County Commission; and Bruce Hamrick, chairman of the Walker County Commission. (All defendants are hereinafter referred to together as ‘Walker County.”)
The plaintiffs in both cases alleged that Act No. 97-903, Alabama Acts 1997, violates Article IV, § 105, of the Constitution of Alabama of 1901, to the extent it authorizes the Walker County Commission to levy a privilege license fee on attorneys and other professionals. The plaintiffs claimed that Alabama statutes providing for a statewide license tax on persons practicing their professions make unconstitutional any local act that authorizes a separate levy of a county tax on such professionals. The trial court entered a judgment in each ease declaring Act No. 97-903 unconstitutional as applied to the plaintiffs. Walker County appealed both judgments. We affirm.
This Court has held:
“[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.”
Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944). However, this Court will not uphold any act of the Legislature that “violates a limitation on legislative power imposed by the State or Federal Constitution.” Town of Brilliant v. City of Winfield, 752 So.2d 1192, 1201 (Ala.1999). With these principles in mind, we address the issue raised in these appeals: Whether the trial court erred in declaring Act No. 97-903 unconstitutional on the basis that it violates Article IV, § 105, of the Constitution of Alabama of 1901.
Section 105 provides:
“No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.”
As provided in § 110 of the Alabama Constitution of 1901, a “general law” is a law that applies to the whole state, while a “local law” is a law that applies to any political subdivision less than the whole state. Act No. 97-903 amended an earlier act (Act No. 97-148) so as to substitute the following § 1 and § 3 into that earlier act:
Section 1.
“The Walker County Commission, as governing body of Walker County, Alabama, shall have the power and authority to levy and collect, in addition to all other taxes now or hereafter authorized by the Constitution and laws of the state of Alabama, certain additional privilege license and excise taxes and fees in Walker County, Alabama, including without limitation registration fees or license taxes or license fees on motor vehicles and water craft registered or required to be registered in Walker County, and any license or excise tax or fee on engaging in or carrying on any business, for the purposes hereinafter expressed....”
*811 Section 3.
“The proceeds from any tax or fee levied pursuant to, or in accordance with, Section 1 hereof shall be deposited in the general fund of Walker County, Alabama and may be used for any lawful purpose including, without limitation, the pledge to, and the payment of, principal of, premium and interest on indebtedness of Walker County, Alabama.”
The general laws at issue in this appeal are those statutes enacted as part of the General Revenue Act of 1935, codified in various sections of Title 40, Ala.Code 1975. These statutes impose a statewide license tax on those practicing certain professions, and they all contain the phrase “but no license tax shall be paid to the county” or “but none to the county.”[1] The trial court construed these phrases to prohibit a county from levying its own business license fees and declared Act No. 97-903 unconstitutional as violating § 105, holding that the local law conflicts with a general law addressing the same matter.
Walker County argues that the provisions in the general revenue code should be interpreted to mean merely that a county license tax otherwise levied by the terms of the general law would not be levied on those particular occupations. Walker County contends that those phrases cannot be construed to restrain the same legislature that passed the state license-tax law from later authorizing counties to levy license fees on those occupations. The Allen plaintiffs and the Blackston plaintiffs contend that the trial court properly determined that Act No. 97-903 violates § 105 of the Constitution of Alabama of 1901 because, they argue, the subject matter of the local legislation had been subsumed by general law. “The subject of a local law is deemed to be ‘subsumed’ in a general law if the effect of the local law is to create a variance from the provisions of the general law.” Opinion of the Justices No. 342, 630 So.2d 444, 446 (Ala.1994), citing Crandall v. City of Birmingham, 442 So.2d 77, 80 (Ala.1983).
Walker County cites Opinion of the Justices No. 138, 262 Ala. 345, 81 So.2d 277 (1955), in support of its argument. That opinion answered a question from the House of Representatives relating to the constitutionality of House Bill No. 39, levying a privilege license tax for Marion County upon electric or hydroelectric utilities operating in that county. This Court held that the bill did not violate § 105 of the Constitution of Alabama, despite the *812 language of § 188 of Title 51 of the Code of 1940 (now codified as Ala.Code 1975, § 40-21-64), which provided: “No county shall levy a privilege or license tax on any business or occupation on which a privilege or license tax is levied by sections 176-180, 182-186 of this title.” See 262 Ala. at 351, 81 So.2d at 283. Walker County also cites similar cases in which this Court has upheld local acts of the Legislature, despite contradictory language in a general statute. Drummond Co. v. Boswell, 346 So.2d 955 (Ala.1977) (local act levying a severance tax on coal mined in Cullman County does not violate § 105 despite the existence of a general law stating that “[no county] ... shall levy a tax upon the excise or privilege of severing coal in Alabama”); Amoco Prod. Co. v. White, 453 So.2d 358 (Ala.1984) (local act levying a privilege tax on persons producing or severing oil or gas in Baldwin County does not violate § 105 despite a provision in a general act stating that “[a] county ... shall not establish, levy, impose or collect as a condition of doing business or otherwise, any tax ... with respect to the production ... of any oil or gas produced in the State of Alabama and on which severance taxes have been paid to the State of Alabama”).
Walker County’s reliance on those cases is misplaced. In each of those cases, the general law contained a provision that prohibited the county from assessing a certain tax and the local law provided for an assessment of that tax in a certain county. However, the local law did not conflict with the general law because the passage of the local law did not authorize the county to levy the prohibited tax; instead, the local law provided for a levy of the tax by the Legislature. Thus, there was no violation of § 105 because the local law did not create a variance from the general law.
Walker County also argues that Miller v. Marshall County Board of Education, 652 So.2d 759 (Ala.1995), requires a holding that Act No. 97-903 is constitutional. That case concerned the constitutionality of Act No. 87-537, Ala. Acts 1987, which authorized the Marshall County Commission to levy on gross receipts in a portion of Marshall County a tax parallel to the state sales and use tax, for the support of the Marshall County schools in areas not served by city school systems. Miller argued that the Act violated § 105, on the basis that the subject matter had been subsumed by § 40-12-4, a general act that specifically authorized county commissions to levy a tax measured by gross receipts, parallel to the state sales and use tax, in order to provide for public education in the counties. This Court held that the local act was constitutional because it represented the Legislature’s response to demonstrated local needs of Marshall County that had not been previously addressed by the general law. The Marshall County School System had a demonstrated need because, at the time, there were no sales-tax revenues to support the school system.
Walker County contends that it also has a demonstrated local need that was not provided for by general law. The long-standing rule in Alabama is that “[i]f, in the judgment of the legislature, local needs demand additional or supplemental laws substantially different from the general law, the legislature is not prohibited by § 105 from so enacting.” Opinion of the Justices No. 138, 262 Ala. at 350-51, 81 So.2d at 283. Walker County consented to a judgment directing the county to construct a new jail. Thus, Walker County contends, Act No. 97-903 was enacted in order to finance the construction and operation of a mandated county jail and to fund recurring general operations. We note however, that Act No. 97-903 provides that the proceeds from the tax or fee levied shall be deposited into the Walker County general fund. Unlike the local act in Miller, which provided that the tax was levied for a specific purpose (the support of Marshall County schools in areas not served by city school systems), Act No. 97-903 does not specify what the tax is to be used for. In addition, both the general law and the local law involved in Miller *813 levied taxes to support school systems. In the present case, the local law permitting the levy of license taxes “on engaging in or carrying on any business” has no relation to the construction of a new county jail. If local need were the sole criterion for determining the constitutionality of a local law, then probably no local act imposing a tax could ever be successfully challenged, because every county in the State could probably show it has a need for more funds.
In addition, the local law is more than an additional or supplemental law. Act No. 97-908 is in direct conflict with the general laws providing that no license tax shall be paid to the county. The local act that was upheld in Miller simply imposed a tax that was additional to the tax imposed by the general law. Local acts providing for the levy of additional taxes have been upheld by this Court in instances where the local law did not conflict with the general law. Opinion of the Justices No. 159, 266 Ala. 363, 96 So.2d 634 (1957) (local act authorizing levy of automobile license tax by Laud-erdale County did not violate § 105, despite general law that also levied license fee on motor vehicles); Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 124 So. 523 (1929) (local act authorizing the Court of County Commissioners of Limestone County to levy an additional 3-cent-per-gallon tax on all motor fuels sold in Limestone County did not violate § 105, despite the fact that a general law imposed a gallonage tax of 2 cents on motor fuels). However, Act No. 97-903 does not merely impose a tax that is in addition to a tax imposed by the general law. The license taxes Walker County has assessed, pursuant to Act No. 97-903, constitute a variance from the general law, which states that certain professionals shall not be required to pay a county license tax. Therefore, the subject of Act No. 97-903 is deemed to be subsumed by the general law. Opinion of the Justices No. 342, 630 So.2d 444, 445 (Ala.1994).
We find the question in this case analogous to the question posed in Opinion of the Justices No. 363, 694 So.2d 1307 (Ala.1997). That opinion answered a question from the Senate relating to the constitutionality of House Bill 765, levying in Hale County “an additional privilege or excise tax on beer, malt, or brewed beverages.” This Court held that the bill violated § 105 because § 28-3-190(e), Ala.Code 1975, levied a privilege or excise tax on persons licensed to sell beer and “expressly prohibited] other or additional local beer taxes.” 694 So.2d at 1310. The Court stated that “[a] local law purporting to levy such a tax or license would necessarily be an attempt to amend a general law by a local law, when the general law expressly prohibits what the local law is attempting to do.” 694 So.2d at 1311 (emphasis omitted). See also Opinion of the Justices No. 354, 672 So.2d 1294 (Ala.1996) (stating that a local law authorizing an additional “processing fee” of $25 on persons jailed by the sheriff of Limestone County violated § 105 by creating a one-county variance from the provisions of § 14-6-22, which authorized the taxing of costs against persons convicted of misdemeanors, in an amount not to exceed $20 per day).
The trial court correctly held Act No. 97-903 unconstitutional on the basis that it violates § 105. Therefore, the judgments of the trial court are affirmed.
OPINION OF JUNE 2, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., recuses himself.

. In pertinent part, the statutes that impose the state tax on these professionals read as follows:
"Each professional actuary, auditor, or public accountant shall pay a license tax of $25 to the state, but no license tax shall be paid to the county.’’ Ala.Code 1975, § 40-12-43.
"Each attorney engaged in the practice of law shall pay an annual license tax to the state, but none to the county.” Ala.Code 1975, § 40-12-49.
“Each person practicing the profession of dentistry ... shall pay an annual license tax of $25 [or some other specified amount based on the population of the city or town in which the person practices]; ... but no license [sic] shall be paid the county.” Ala.Code 1975, § 40-12-92.
“Each person engaged in the practice of medicine [or certain other professions] ... shall pay [a specified] annual license lax but no license tax shall be paid to the county.” Ala.Code 1975, § 40-12-126.
“Each oculist, optometrist, or optician practicing his profession shall pay [a specified] license tax . .but no license [sic] shall be paid to the county.” Ala.Code 1975, § 40-12-135.
“Each osteopath or chiropractor practicing his profession shall pay an annual license tax of $20 to the state, but no license [sic] shall be paid to the county.” Ala.Code 1975, § 40-12-136.
“Each scientist, naturopath, or chiropodist practicing his profession shall pay an annual license tax of $10 to the state, but no license tax shall be paid to the county.” Ala.Code 1975, § 40-12-155.
"Each person practicing veterinary surgery shall pay an annual license tax of $5 to the state, but no license tax shall be paid to the county.” Ala.Code 1975, § 40-12-178.